STATE V. GRAHAM.

1. **Criminal Evidence:** MURDER: SELF-DEFENSE: QUARRELSOME DIS-
POSITION OF THE DECEASED. Where on a trial for murder self-defense
was relied on by the defendant, it was error to exclude testimony offered
to prove that the deceased was of a quarrelsome, violent and overbear-
ing disposition, that he carried concealed weapons, and that he had re-
peatedly abused defendant.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, OCTOBER 3.

INDICTMENT FOR MURDER. Verdict — guilty of man-
slaughter, and judgment. The defendant appeals.

*Vermilion & Vermilion,* for appellant.

*Smith McPherson, Attorney-general,* and *Tannehill &
Fee,* for the State.

SEEVERS, J. The deceased and the defendant, at the time
of the homicide, were both about sixteen years of age, and
were attending school. There was a slight difficulty between
them during, as we suppose, the noon recess. On the road
home the defendant struck the deceased on the head with a
ball bat, and death soon thereafter ensued. The striking of
the blow was not denied. The only justification relied on
was self-defense. The court below was of the opinion that
there was evidence tending to establish this defense; for the
court in the instructions to the jury submitted to them the
question whether it had been established.

It is now insisted by the state that no evidence tending to
establish such defense was introduced. But we think there
was. Whether it was insufficient or not was for the jury to
say under the instructions of the court.

The defendant sought to prove that the deceased "was of a
quarrelsome and violent disposition and character, and that
he was overbearing and of a disposition to run over smaller

children, and had, time and again, abused this identical boy, the defendant, and not only that he knew these facts himself, but that it was the general understanding in the neighborhood that the character of the boy was bad; that he carried revolvers and carried deadly weapons, and that his father bought revolvers and gave them to him and to his other boys, and told him he must defend himself, and that the defendant had knowledge of the matter aforesaid." This evidence was objected to by the state, and the objection sustained, as we think, erroneously. It is insisted by the state that the authorities are not in accord as to whether evidence of the character above stated is admissible, if offered by the defendant, when he relies on it as a justification that he acted in self-defense. It may be that this is so, but we incline to think the very decided weight of authority is in favor of the admission of the evidence. But, if this were not so, we regard the established rule in this state to be that the evidence offered was admissible. *The State v. Collins*, 32 Iowa, 36. Other errors are assigned, in relation to which we have to say that the instructions of the court state the law correctly and cover the whole ground. There was, therefore, no error in refusing the instructions asked.

The evidence of Doctor Sawyer was clearly admissible, and it cannot be said that there was prejudicial error in admitting the evidence of Commodore Hopkins. The remaining error discussed by counsel need not be determined. Following the case above cited, the judgment of the district court must be

REVERSED.